By the Court,

Cowen, J.
The difficulty of the plaintiff lies in his not having numerically complied with the order, which was for 250, not 260 barrels. Had he shipped the 250 barrels, no doubt the property would have passed, and the count for goods sold and delivered been well sustained; because a delivery to the carrier for the account and risk of the consignee, is in law a delivery to "the latter. (Coxe v. Harden, 4 East, 211.) But neither count was satisfied by the shipment or offer of the 250 barrels from among a larger • number, the true amount being neither counted nor weighed out. The property yet remained to be specified before the defendant could know what to call his own; and it is entirely settled, that where any act yet remains to be done by the vendor, such as weighing, measuring, or counting out of a common parcel, no property passes. Short of this, there is no sale, much less a delivery. (Long on Sales, 267, et seq. ed. of 1839.) The exception at page 274, mentioned by the plaintiff’s counsel,. of a certain number of dollars sent in a barrel among others not intended for the consignee, is a different case. It went on the ground that the dollars were all of the same value, which cannot be predicated of the barrels in question. Beside, there is perhaps some difficulty in sustaining the exception without running foul of a strong current of cases.
We think no action will lie, unless it be a special assumpsit for not accepting the cement.
New trial denied.